# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BRITTANY INEMAN,<br>7762 Hansgrove Court, Dublin, Ohio<br>43016, individually and on behalf of all<br>others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>KOHL'S CORP.,<br>N56 W17000 Ridgewood Drive,<br>Menomonee Falls, WI 53051,<br><br>                    Defendant, | Case No.   14CV398<br><br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *ET SEQ*. (TELEPHONE CONSUMER PROTECTION ACT)**<br><br>**CLASS ACTION**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

Plaintiff Brittany Ineman (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief as follows:

## NATURE OF ACTION

1.      Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of Kohl's Corp. (hereinafter referred to as "Kohl's") in contacting Plaintiff and Class members on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA").  Kohl's has violated the TCPA by contacting Plaintiff and Class members on their cellular telephones via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or by using "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A), without their prior express consent within the meaning of the TCPA.

2.      Plaintiff brings this action for injunctive relief and statutory damages resulting from Kohl's illegal actions.

## JURISDICTION AND VENUE

3.      This matter in controversy exceeds $5,000,000, as each member of the proposed Class of thousands or millions is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA.  Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).  Further, Plaintiff alleges a national class, which will result in at least one Class member belonging to a different state.  Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.  This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4.      This Court has personal jurisdiction over Kohl's because, since Kohl's is a Wisconsin corporation with a principal place of business in Menomonee Falls, Wisconsin, Kohl's is a resident of the State of Wisconsin for purposes of personal jurisdiction.

5.      Venue is proper in the United States District Court for the Western District of Wisconsin pursuant to 28 U.S.C. §§ 1391(b)-(c), because Kohl's is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced and Kohl's contacts with this District are sufficient to subject it to personal jurisdiction.

## PARTIES

6.      Plaintiff Brittany Ineman is an individual citizen of the State of Ohio, who resides in Dublin, Ohio.

7.      Kohl's is a corporation incorporated under the laws of the State of Wisconsin, with its principal place of business in Menomonee Falls, Wisconsin.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

## (TCPA), 47 U.S.C. § 227

8.      In 1991, Congress enacted the TCPA,[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

9.      The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

10.      According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

11.      On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4]  The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

12.     The Declaratory Ruling further specifies that a "creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules."[6]

## FACTUAL ALLEGATIONS

13.     At all times relevant, Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

14.     On or around August 2008, Plaintiff applied for and obtained a general-use credit card issued by Kohl's.  Upon information and belief, Plaintiff did not list her then-current cellular telephone number on the application for the credit card.  As such, Plaintiff did not give Kohl's prior express consent to contact her on her then-current cell phone number with an autodialer and/or with a prerecorded or artificial voice during the transaction that gave rise to the debt owed.

15.     Beginning in late 2008, Plaintiff received autodialed and/or prerecorded calls on her cell phone from Kohl's and/or parties operating on Kohl's behalf.  Plaintiff received numerous such calls.  These calls continued on a periodic basis from 2008 until early 2013, when the Plaintiff paid off and closed her Kohl's credit card account.

16.     The calls received by Plaintiff were primarily in the form of a pre-recorded message, instructing her to call a designated number to speak with Kohl's representatives.  Upon information and belief, Plaintiff also received calls which were made by an "automated dialer."

17.     In October 2012, Plaintiff changed her cellular phone number and carrier in an attempt to prevent Kohl's from harassing her with unwanted autodialed and/or prerecorded calls.

---

[6] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10); *accord In the Matter of The Joint Petition Filed by DISH Network, LLC, et al., for Declaratory Ruling Concerning the Telephone Consumer Protection Act (TCPA) Rules*, 2013 FCC LEXIS 2057, at *50 (F.C.C. May 9, 2013) (¶ 38).

18.     However, soon after this change, Plaintiff began to receive calls from or on behalf of Kohl's on her *new* cell phone number.  Upon information and belief, Kohl's or its agents obtained Plaintiff's new cellular telephone number via one of several techniques commonly referred to as "skip-tracing."

19.     Upon information and belief, Plaintiff's experience is typical of that of other Kohl's customers, and that Kohl's maintains a coordinated program of calling customers using an "automatic telephone dialing system" and/or "an artificial or prerecorded voice," as well as using "skip-tracing" techniques to identify a customer's current cell phone number.  This belief is formed, in part, by the fact that another Kohl's cardholder, Stephanie Sapp, has been subject to the same pattern of persistent automated calls with respect to her Kohl's credit card account.  Kohl's called Ms. Sapp at least once with an autodialer and/or with a prerecorded or artificial voice after she changed her cell phone number in response to Kohl's repeated, harassing automated calls.

20.     Kohl's is, and at all times mentioned herein was, a "person", as defined by 47 U.S.C. § 153(39).

21.     On information and belief, all telephone contact by Kohl's to Plaintiff on her cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

22.     The telephone numbers that Kohl's called to contact Plaintiff, with an "artificial or prerecorded voice" and/or made by an "automatic telephone dialing system," were assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

23.     Plaintiff did not provide her "prior express consent" allowing Kohl's to place telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).  Indeed, with respect to the calls Kohl's or its agents made to Plaintiff's *new*

cellular number, Plaintiff could not have provided such number to Kohl's at the time she took out her Kohl's credit card.

24.     Kohl's telephone calls to Plaintiff's cellular phone were not "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

25.     Kohl's telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

26.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Kohl's to demonstrate that Plaintiff and all class members provided their prior express consent within the meaning of the statute.[7]

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated (hereinafter referred to as "the Class").

28.     Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons within the United States who, on or after June 2, 2010, received a non-emergency telephone call from or on behalf of Kohl's to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide the cellular phone number called on any initial application for a Kohl's credit card.

Collectively, all these persons will be referred to as "Class members." Plaintiff represents, and is a member of, the Class. Excluded from the Class are Kohl's and any entities in which Kohl's has a controlling interest; Kohl's agents and employees; any Judge to whom this action is assigned and any member of such Judge's staff and immediate family; and claims for personal injury, wrongful death and/or emotional distress.

---

[7] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

29.     Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes that Class members number at minimum in the tens of thousands.

30.     Plaintiffs and all members of the Class have been harmed by the acts of Kohl's.

31.     This Class Action Complaint seeks injunctive relief and money damages.

32.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.  The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The Class can be identified easily through records maintained by Kohl's and/or its agents.

33.     There are well defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions which may affect individual Class members.  Those common questions of law and fact include, but are not limited to, the following:

a.     Whether Kohl's and/or its agents made non-emergency calls to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system and/or an artificial or prerecorded voice;

b.     Whether Kohl's and/or its agents utilized "skip tracing" methods to locate cellular telephone numbers;

c.     Whether Kohl's can meet its burden of showing it obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated), to make such calls;

d.     Whether Kohl's conduct was knowing and/or willful;

e.     Whether Kohl's is liable for damages, and the amount of such damages; and

f.     Whether Kohl's should be enjoined from engaging in such conduct in the future.

34.     As a person who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without her prior express consent within the meaning of the TCPA, Plaintiff asserts claims that are typical of each

Class member.  Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests which are antagonistic to any member of the Class.

35.     Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

36.     A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Kohl's to comply with the TCPA.  The interest of Class members in individually controlling the prosecution of separate claims against Kohl's is small because the statutory damages in typical individual actions for violation of the TCPA are relatively small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.  Indeed, in the Seventh Circuit, class certification in TCPA actions is "normal."[8]

37.     Kohl's has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

## FIRST COUNT

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*

38.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

---

[8] *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013).

39.     The foregoing acts and omissions of Kohl's constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

40.     As a result of Kohl's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

41.     Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Kohl's in the future.  Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

42.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

43.     The foregoing acts and omissions of Kohl's constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

44.     As a result of Kohl's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

45.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Kohl's violation of the TCPA in the future.

46.     Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Kohl's:

A.      Injunctive relief prohibiting such violations of the TCPA by Kohl's in the future;

B.      As a result of Kohl's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C.      As a result of Kohl's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

D.      An award of reasonable attorneys' fees and costs to counsel for Plaintiff and the Class;

E.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff are a proper representatives of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

F.      Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of any and all issues in this action so triable.

Dated: June 2, 2014                 Respectfully submitted,

                                    By: */s/ Tamara B. Packard*_____
                                          Tamara B. Packard


                                    CULLEN WESTON PINES & BACH LLP
                                    Lester A. Pines, SBN 1016543
                                    Email: pines@cwpb.com
                                    Tamara B. Packard, SBN 1023111
                                    Email: packard@cwpb.com
                                    122 West Washington Avenue, Suite 900
                                    Madison, WI 53703
                                    Telephone: (866) 443-8661
                                    Facsimile: (608) 251-2883

                                    LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                    Daniel M. Hutchinson*
                                    Email:  dhutchinson@lchb.com
                                    275 Battery Street, 29th Floor
                                    San Francisco, CA  94111-3339
                                    Telephone:  415.956.1000
                                    Facsimile:  415.956.1008

                                    LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                    Jonathan D. Selbin*
                                    Email:  jselbin@lchb.com
                                    Douglas I. Cuthbertson*
                                    Email:  dcuthbertson@lchb.com
                                    250 Hudson Street, 8th Floor
                                    New York, NY  10013
                                    Telephone:  (212) 355-9500
                                    Facsimile:  (212) 355-9592

                                    MEYER WILSON CO., LPA
                                    Matthew R. Wilson
                                    Email:  mwilson@meyerwilson.com
                                    Michael J. Boyle, Jr.
                                    Email:  mboyle@meyerwilson.com
                                    1320 Dublin Road, Ste. 100
                                    Columbus, Ohio 43215
                                    Telephone:  (614) 224-6000
                                    Facsimile:  (614) 224-6066


                                    *Attorneys for Plaintiff Brittany Ineman and the Proposed
                                    Class*


                                    *  Applications for Admission to the bar of the Western
                                    District of Wisconsin forthcoming.