IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRITTANY INEMAN, individually and on
behalf of all others similarly situated,

    Case No. 14-CV-398

    Plaintiff,

v.

KOHL'S CORP.,

    Defendant.

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER THIS CASE TO THE EASTERN DISTRICT OF WISCONSIN**

**INTRODUCTION**

This putative class action alleging violations of the Telephone Consumer Protection Act does not belong here. The Court should dismiss it for improper venue or transfer it to the Eastern District of Wisconsin. The parties do not reside here: Brittany Ineman is a citizen of Ohio; Kohl's Corporation ("Kohl's Corp.") is a Wisconsin corporation with its principal place of business and headquarters in the Eastern District of Wisconsin. Compl. ¶ 7. Moreover, the events allegedly giving rise to Ineman's claims did not occur here: Ineman applied for a Kohl's[1] private label credit card in Ohio; Ineman received the telephone calls she now challenges on a telephone number with one of two Ohio area codes; and Kohl's Corp.'s subsidiary placed the telephone calls to Ineman from the Eastern District of Wisconsin or San Antonio, Texas. Ineman's choice to file this action in the Western District of Wisconsin is "so untethered from the parties and the operative facts" that the case cannot continue here. *See Sterling Heights*

---

[1] In this brief, we refer to the corporate entity Kohl's Corporation as "Kohl's Corp." and we refer to the Kohl's brand associated with retail stores and private label credit cards as simply "Kohl's."

*Police & Fire Ret. Sys. v. Kohl's Corp.*, No. 13-5158, 2013 WL 5656086, at *1 (S.D.N.Y. Oct. 9, 2013) (transferring putative class action to the Eastern District of Wisconsin).

Venue in this District is improper, and the case should either be dismissed under Rule 12(b)(3) of the Federal Rules of Civil Procedure or transferred to the Eastern District of Wisconsin under 28 U.S.C. § 1406(a). Even if the Court concludes that venue is not improper, then the case should still be transferred to the Eastern District of Wisconsin under 28 U.S.C. § 1404(a) because that forum is clearly more convenient.

## FACTUAL BACKGROUND

Neither Ineman, Kohl's Corp., nor Ineman's allegations have any connection to the Western District of Wisconsin. Ineman, a citizen of Ohio, Compl. ¶ 6, alleges that Kohl's Corp. violated the Telephone Consumer Protection Act ("TCPA") by calling her cellular telephone without permission and by means of an automated dialing system or using a pre-recorded voice. Compl. ¶ 1. As a starting point, Ineman sued the wrong party. Kohl's Corp. is a holding company and did not conduct any of the business operations that form the basis of the allegations in this action.[2] Declaration of Rebecca Hoeft ("Hoeft Decl.") ¶¶ 3-4, 10-19, 22-23, 29, 35-37; Declaration of James Mortonson ("Mortonson Decl.") ¶¶ 3, 5.[3] Instead, those operations are run by Kohl's Corp.'s wholly owned subsidiary, Kohl's Department Stores, Inc. ("KDS"). *See generally* Hoeft Decl.

Neither Kohl's Corp. nor KDS maintains its principal place of business in the Western District of Wisconsin. Kohl's Corp. is a Wisconsin corporation with its principal place of

---

[2] The Card Member Agreement Ineman signed makes clear that Kohl's Department Stores, Inc. is the entity that is servicing her account. Hoeft Decl., Ex. A, ¶ 1.

[3] The Court is not limited to the allegations in the complaint when deciding a motion to transfer; it "may receive and weigh affidavits submitted by the parties." *Illumina, Inc. v. Affymetrix, Inc.*, No. 09-277, 2009 WL 3062786, at *1 (W.D. Wis. Sept. 21, 2009).

business in Menomonee Falls, Waukesha County, Wisconsin. KDS is a Delaware corporation with its principal place of business in Menomonee Falls, Wisconsin. Mortonson Decl. ¶ 2. Neither entity maintains any corporate offices in the Western District of Wisconsin.

KDS and its wholly owned subsidiaries, not Kohl's Corp., operate the 1,159 Kohl's retail stores across the country. Mortonson Decl. ¶ 3. The stores are located in all states, except Hawaii. *Id.* There are 40 Kohl's stores in Wisconsin. *Id.* All 40 of these stores are operated by one of KDS's wholly owned subsidiaries, Kohl's Value Services, Inc. ("KVSI"). *Id.* Of these 40 stores, 12 of them, or 1.04 percent of all the Kohl's stores, are in the Western District of Wisconsin. *Id.* Kohl's retail stores are served by geographically disbursed distribution centers, but none of the distribution centers is in the Western District of Wisconsin or, for that matter, in Wisconsin at all. *Id.* ¶ 4.

Ineman alleges she obtained a Kohl's private label credit card in August 2008.[4] Compl. ¶ 14. She applied for the credit card at a Kohl's retail store in Ohio. Hoeft Decl. ¶ 12. Through the application process, Ineman provided her Ohio address and a telephone number with an Ohio area code to KDS. Hoeft Decl. ¶¶ 12, 15, 40. Moreover, Ineman signed the application, which contained an additional consent to receiving calls made with an autodialer or messages with a pre-recorded voice on her cell phone:

> You authorize us, or anyone acting on our behalf, to call or send a
> text message to any number you provide or to any number where
> we reasonably believe we can contact you, including calls to
> mobile, cellular, or similar devices, and including calls using
> automatic telephone dialing systems and/or prerecorded messages,
> or to send an e-mail to any address where we reasonably believe
> we can contact you for any lawful purpose, including but not
> limited to: suspected fraud or identity theft; obtaining information;

---

[4] Ineman did not actually open her card until August 14, 2009. Hoeft Decl. ¶ 12.

> your account transactions or servicing; collecting on your account;
> and providing you information about products and services.

Hoeft Decl. ¶ 24; *id.*, Ex. A, ¶ 18.

KDS processed Ineman's application in Ohio, and it manufactured and shipped the card from Menomonee Falls.  Hoeft Decl. ¶¶ 12, 23.  KDS, not Kohl's Corp., manages and services Kohl's private label credit card accounts, including billing and collection.  Hoeft Decl. ¶ 3.  KDS handled all communications to Ineman regarding her Kohl's credit card except for account statements, which were prepared by third parties in Milwaukee, Indianapolis, or St. Paul.  Hoeft Decl. ¶¶ 3-4, 34.

Within months of obtaining her Kohl's private label credit card, Ineman failed to pay amounts due.  *See* Compl. ¶ 15.  Ineman alleges that beginning in late 2008, KDS called Ineman concerning payment of amounts owed.  Compl. ¶ 15.  KDS made periodic calls to Ineman until she paid the account balance in early 2013.  Compl. ¶ 15.  All of KDS's calls to Ineman were made to one of two telephone numbers, both of which had Ohio area codes.  Hoeft Decl. ¶¶ 37, 40.  All of KDS's calls to Ineman were placed from one of two locations.  Before 2010, KDS placed all of its calls to account holders from Menomonee Falls, Wisconsin.  Hoeft Decl. ¶ 4.  Since 2010, KDS has placed all of its calls to account holders from either Menomonee Falls or San Antonio, Texas.  *Id.*  During the time that KDS was attempting to contact Ineman regarding her account, KDS maintained its dialing equipment in Menomonee Falls and related computer servers in Germantown, Wisconsin.  Hoeft Decl. ¶ 6.

Although discovery has not yet begun, the KDS employees with knowledge relevant to Ineman's claims—Ineman's account, telephone calls to her, and KDS's collection and billing procedures—all work or worked in KDS's Menomonee Falls offices or in its call center in San Antonio, Texas.  Hoeft Decl. ¶ 44.  Moreover, KDS's documents concerning its credit card

4

accounts, its efforts to collect unpaid account balances, and its call-center operations are located in Menomonee Falls or Germantown, Wisconsin; Omaha, Nebraska; and Chandler, Arizona. Hoeft Decl. ¶ 10. Nothing involving Ineman or the conduct or events alleged in her complaint has any nexus with the Western District of Wisconsin.

## ARGUMENT

**I.     This case should be dismissed because venue is improper in this District. 28 U.S.C. § 1406(a).**

Ineman asserts that venue is proper in this District because "Kohl's [Corp.] is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced …." Compl. ¶ 5 (citing 28 U.S.C. § 1391(b), (c)).[5] Ineman's gloss on section 1391 is imprecise, and her conclusory allegation that venue is proper in this District is wrong.

---

[5] In relevant part, 28 U.S.C. § 1391 states:

> (b) Venue in general. A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.
>
> (c) Residency. For all venue purposes—
>
> …
>
> (2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question ….
>
> (d) Residency of corporations in States with multiple districts. For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State ….

5

Venue is proper in any judicial district in which a defendant resides. 28 U.S.C. § 1391(b)(1). A corporate defendant is "deemed to reside" in any judicial district in which it is subject to personal jurisdiction. 28 U.S.C. § 1391(c)(2). But, in states with multiple judicial districts, section 1391(d) "limits the residency of a corporation to 'any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State ….'" *KM Enters., Inc. v. Global Traffic Techs., Inc.*, 725 F.3d 718, 724 (7th Cir. 2013) (quoting 28 U.S.C. § 1391(d)). Thus, the analysis of personal jurisdiction under the general venue statute, 28 U.S.C. § 1391, is more restrictive in assessing the forum contacts that count towards minimum contacts than under a traditional, constitutional analysis. *Zipher Ltd. v. Markem Corp.*, No. 06-745, 2007 WL 840514, at *3 (W.D. Wis. Mar. 16, 2007). Consequently, for purposes of evaluating personal jurisdiction in the context of section 1391, a corporation's contacts with the Eastern District of Wisconsin are irrelevant to the exercise of personal jurisdiction over that corporation in the Western District of Wisconsin. *See Wounded Warrior Project, Inc. v. Help Ind. Vets, Inc.*, No. 13-01857, 2014 WL 958475, at *3 (S.D. Ind. Mar. 12, 2014) (holding that venue was improper and transferring the case to the Northern District of Indiana because the defendant corporation resided there, not in the Southern District of Indiana).

As will be shown, Kohl's Corp. is not subject to either general personal jurisdiction or specific personal jurisdiction in the Western District of Wisconsin as it relates to Ineman's claims in this action. We suspect that Ineman contends personal jurisdiction is proper based on the 12 Kohl's stores located in the Western District of Wisconsin. But a subsidiary of KDS, not KDS or Kohl's Corp., operates those stores and the contacts of that subsidiary (KVSI) cannot be imputed to either Kohl's Corp. or KDS. *Abelesz v. OTP Bank*, 692 F.3d 638, 658-59 (7th Cir. 2012) (the "general rule" is that "the jurisdictional contacts of a subsidiary corporation are not

6

imputed to the parent"). But even if KVSI's contacts could be imputed first to KDS and then to Kohl's Corp. (they cannot), for the reasons discussed below, those contacts are insufficient to support the exercise of personal jurisdiction over either Kohl's Corp. or KDS in this case. Accordingly, venue is not proper and this case should be dismissed or, in the alternative, transferred. *See* 28 U.S.C. § 1406(a).

> A. **Neither Kohl's Corp. nor KDS is subject to general jurisdiction in this District because their principal places of business are in the Eastern District of Wisconsin.**

The contacts of Kohl's Corp. and KDS with the Western District of Wisconsin are *de minimus* and unrelated to the operative facts in Ineman's complaint. Indeed, Kohl's Corp. does not directly own or operate any business, does not conduct any activities, and does not maintain any corporate offices in the Western District of Wisconsin. Mortonson Decl. ¶ 5. Similarly, KDS does not operate any retail store or maintain any corporate offices in the Western District of Wisconsin. *Id.* ¶ 6. These contacts—assessed under the general venue statute and in the context of the nationwide business of Kohl's Corp. and KDS, as required by recent Supreme Court decisions—are unable to support general jurisdiction over Kohl's Corp. in this District.

Corporations are not subject to general personal jurisdiction in every state and judicial district in which they have a physical presence or transact business. Instead, recent Supreme Court decisions have ruled that a corporation is subject to general personal jurisdiction only where it is "fairly regarded as at home." *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853-54 (2011). The state of incorporation and the principal place of business are the "paradigm bases for the exercise of general jurisdiction" over corporations. *Daimler AG*, 134 S. Ct. at 760; *Goodyear Dunlop*, 131 S. Ct. at 2853-54. General personal jurisdiction "is proper only in the limited number of fora in which the defendant can be said to be 'at home.' For a corporation, such places include the state

7

of incorporation and the state of the principal place of business." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, __ F.3d __, 2014 WL 1849269, at *3 (7th Cir. May 9, 2014).

To subject large corporations to general personal jurisdiction in every state and district in which they or their subsidiaries operate would mean they were at home in every state and district. *Daimler AG*, 134 S. Ct. at 762 n.20 ("A corporation that operates in many places can scarcely be deemed at home in all of them."); *see also Goodyear Dunlop*, 131 S. Ct. at 2856 (rejecting plaintiffs' "sprawling view of general jurisdiction" because the result would be that "any substantial manufacturer or seller of goods would be amenable to suit, on any claim for relief, wherever its products are distributed"). The law of general personal jurisdiction, therefore, can*not* support a multiplicity of fora, all with the ability to exercise general personal jurisdiction over a nationwide corporation. *See Advanced Tactical Ordnance Sys.*, 2014 WL 1849269, at *4 (rejecting plaintiff's theory of jurisdiction because, among other reasons, it would result in "*de facto* universal jurisdiction").

Applying this analysis in the venue context, both Kohl's Corp. and KDS are at home in the Eastern District of Wisconsin, but not in the Western District of Wisconsin. Kohl's Corp. is a Wisconsin corporation with its principal place of business in Menomonee Falls, which is in the Eastern District of Wisconsin. KDS is a Delaware corporation that also has its principal place of business in Menomonee Falls. Both entities maintain their corporate headquarters in Menomonee Falls. Kohl's Corp. has no operations, employees or any contact directly with the Western District at all; KDS operates no retail stores and does not maintain any corporate offices or distribution centers in the Western District of Wisconsin. Mortonson Decl. ¶¶ 4-6. So the named Defendant and its wholly owned subsidiary, KDS, have no connection to this District.

Ineman cannot save her venue argument by imputing KVSI's contacts with this District first to KDS and then to Kohl's Corp. *Abelesz*, 692 F.3d at 658-59; *Insolia v. Philip Morris Inc.*, 31 F. Supp. 2d 660, 669 (W.D. Wis. 1998) ("By itself, the existence of a parent-subsidiary relationship is insufficient to support personal jurisdiction over a nonresident parent whose subsidiary has insufficient contacts with the forum state."). Not only does such a double imputation of contacts up a corporate ladder disregard the presumption of corporate separateness, it contradicts the principle that a corporation cannot be "deemed at home" in every jurisdiction in which it or its subsidiaries operate. Accordingly, dismissal for improper venue is appropriate and Ineman cannot fix her venue problem by solving her improper defendant problem.

> **B. Neither Kohl's Corp. nor KDS is subject to specific personal jurisdiction in this District because none of the events giving rise to Ineman's claims occurred here.**

Kohl's Corp. is not subject to specific personal jurisdiction in this District either. For a court to exercise specific personal jurisdiction, "'the defendant's suit-*related* conduct must create a substantial connection with the forum State.'" *Advanced Tactical Ordnance Sys., LLC*, 2014 WL 1849269, at *3. Here, as made clear in the Declaration of Rebecca Hoeft, Kohl's Corp. did not perform any of the alleged operative facts, so it is not the proper party to this action. However, even if Ineman corrected the improper party, not only does Ineman fail to allege any contacts between any Kohl's entity and this District that relate to her claims, but the Declaration of Rebecca Hoeft affirms that none of the operative facts occurred in this District:

- Ineman applied for her Kohl's private label credit card from a Kohl's retail store in Ohio. Hoeft Decl. ¶ 12. On the application, Ineman provided her Ohio address and a telephone number with an Ohio area code to KDS. Hoeft Decl. ¶¶ 12, 15, 40.

- KDS processed Ineman's application in Ohio, and it manufactured and shipped the credit card from Menomonee Falls. Hoeft Decl. ¶¶ 12, 23.

- All of KDS's calls to Ineman were placed from one of two locations, either Menomonee Falls, Wisconsin or San Antonio, Texas. Hoeft Decl. ¶ 4. Up until the time that Ineman's Kohl's credit card account was closed, KDS maintained its dialing equipment in Menomonee Falls and related computer servers in Germantown, Wisconsin. Hoeft Decl. ¶ 6.

- KDS's documents concerning Kohl's credit card accounts, KDS's efforts to collect unpaid account balances, and its call-center operations are located in the Eastern District of Wisconsin (Menomonee Falls or Germantown), Nebraska, or Arizona. Hoeft Decl. ¶ 10.

- All of KDS's calls to Ineman were made to one of two telephone numbers, both of which had Ohio area codes. Hoeft Decl. ¶¶ 37, 40.

Ineman has failed to allege facts (there are none) that establish this Court's specific personal jurisdiction over Kohl's Corp. or KDS in this action. Without personal jurisdiction over Kohl's Corp., venue is improper under 28 U.S.C. § 1391, and this case should be either dismissed or transferred, pursuant to 28 U.S.C. § 1406(a), to the Eastern District of Wisconsin. Finally, Ineman cannot correct these fundamental flaws by amending her complaint to name KDS as a defendant; dismissal or transfer would still be appropriate.

**II.     In the alternative, this case should be transferred to the Eastern District of Wisconsin, a clearly more convenient forum. 28 U.S.C. § 1404(a).**

Even if the Court concludes that venue is proper in this District, the case should still be transferred pursuant to 28 U.S.C. § 1404(a). Under this statute, a court in which venue is proper may transfer a case to another district in which the case could have been brought if that district is a "clearly more convenient" forum. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986). A decision to transfer revolves around four over-arching factors: "(1) the plaintiff's choice of forum; (2) the convenience to parties; (3) the convenience to witnesses; and (4) the interests of justice." *Illumina, Inc.*, 2009 WL 3062786, at *2.

Ineman's complaint could have been brought in the Eastern District of Wisconsin. That court has subject matter jurisdiction because the complaint alleges violations of the TCPA (a

federal statute). Moreover, that court may exercise personal jurisdiction over Kohl's Corp. and KDS (had Ineman named the correct party) because both reside in the Eastern District of Wisconsin. Transfer to the Eastern District of Wisconsin is proper because the convenience factors are either neutral or favor transfer: Ineman has no connection to the Western District of Wisconsin; the operative facts in the complaint occurred in the Eastern District of Wisconsin, Ohio, or Texas; and the majority of witnesses and evidence are located in the Eastern District of Wisconsin. *See generally* Hoeft Decl.

### A. Ineman is not a citizen of Wisconsin and, therefore, no deference is owed her choice of venue.

Ineman filed this action in this Court even though she is not a citizen of Wisconsin and even though none of the operative facts alleged in the complaint took place in the Western District of Wisconsin. Because this case lacks any nexus to this District, the presumption that Ineman chose this forum for convenience does not arise. *See Uniroyal Engineered Prods., LLC v. Omnova Solutions Inc.*, No. 08-586, 2009 WL 736700, at *3 (W.D. Wis. Mar. 19, 2009).

"In theory, a plaintiff's choice of forum does deserve deference, but only when a plaintiff is litigating in his home forum." *Id.*; *Illumina, Inc.*, 2009 WL 3062786, at *2. Moreover, a plaintiff's choice of forum will not receive deference when the operative facts underlying the complaint did not occur within the chosen forum. *Snyder v. Revlon, Inc.*, No. 06-394, 2007 WL 791865, at *8 (W.D. Wis. Mar. 12, 2007) ("courts have held that when plaintiff's chosen forum bears only a tangential relation to the events at issue in the lawsuit, a plaintiff's choice has weight equal to other factors and will not receive deference"); *U.S. ex rel. Gervae v. Payne & Dolan, Inc.*, No. 01-383, 2003 WL 23185881, at *3 (W.D. Wis. July 14, 2003) (same). Finally, a plaintiff's choice of forum in a putative nationwide class action receives less deference because many, if not most, putative class members will have no ties to this District. *See Wilcox v.*

*Alternative Entm't Inc.*, No. 09-659, 2010 WL 691702, at *2 (W.D. Wis. Feb. 25, 2010); *Nero v. Am. Family Mut. Ins. Co.*, No. 11-1072, 2011 WL 2938138, at *2 (N.D. Ill. July 19, 2011). As the court in *Nero* concluded, when all three of these grounds for discounting the plaintiff's choice of forum are present, the weight of this factor is nearly eliminated. 2011 WL 2938138, at *2.

Since Ineman is a citizen of Ohio who purports to represent a nationwide class (Compl. ¶ 28), and all of the operative facts occurred outside this District, this factor is neutral and not an obstacle to dismissal or transfer. *See U.S.O. Corp. v. Mizuho Holding Co.*, 547 F.3d 749, 752-53 (7th Cir. 2008) (recognizing the diminished role of this factor when a plaintiff chooses to bring suit outside her home forum).

> **B.** **The Eastern District of Wisconsin is clearly more convenient to Kohl's Corp. and witnesses employed by KDS, but no less convenient for Ineman than the Western District of Wisconsin.**

Of all the convenience factors, the overriding convenience to Kohl's Corp., and to likely witnesses employed by KDS, from litigating in their home forum where the material events took place, strongly favors transfer to the Eastern District of Wisconsin. This Court, in a decision by Judge Crabb, has found that transfer to the Eastern District of Wisconsin was called for in a case where another defendant made its home in Waukesha County. *McMahon v. Carroll College*, No. 03-702, 2004 WL 882195, at *3 (W.D. Wis. Apr. 14, 2004). In *McMahon*, the Court emphasized that "all of the decisions and events relevant to this action occurred in Waukesha," *id.* at *1; that all relevant documents were in Waukesha, *id.* at *2; and that "all of the likely witnesses in this case live and work closer to Milwaukee than to Madison" such that transferring the case to the Eastern District of Wisconsin would save trial witnesses 90 miles of travel and 90 minutes. *Id.* at *2. "This court will not impose such an inconvenience on the witnesses absent a good reason to do so." *Id.*

Like Carroll College, Kohl's Corp. is firmly rooted in Waukesha County.  *See* Mortonson Decl. ¶ 2.  Likewise, the material events underlying this action occurred predominantly in Menomonee Falls in the Eastern District of Wisconsin.  *See generally id.*  And, like the potential witnesses in *McMahon*, most of the KDS employees involved in collecting on Ineman's account work in KDS's offices in Menomonee Falls and would, therefore, be inconvenienced if compelled to travel to and/or testify in Madison rather than Milwaukee.  *Id.* ¶ 44.  Because trial in the Eastern District of Wisconsin is more convenient to the KDS employees whom would be called to testify and because transfer presents no cognizable downside or prejudice to Ineman, the balance of convenience tips strongly in favor of transfer.

        **C.**      **The interests of justice favor transfer to the Eastern District of Wisconsin.**

"The 'interests of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system."  *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010).  Among the factors relevant to the interests-of-justice element, courts consider: "likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy."  *Id.* (citations omitted).  Here, these factors militate in favor of transfer.

        **Likely speed to trial**.  This factor is neutral.  Although this Court has one of the faster dockets in the country, nothing about this case suggests that speed is of the essence.  Unlike so many of the patent cases this Court handles (where "[p]atent rights are time sensitive and delay can often erode the value of the patent monopoly," *e.g.*, *Illumina, Inc.*, 2009 WL 3062786, at *5), Ineman's claims have fully accrued and her Kohl's private label credit card account is closed.  Speed will not prevent further harm.  Furthermore, the claims in this case are not particularly time sensitive, especially since Ineman waited nearly five years after the first alleged

13

violation of the TCPA to bring this action. *See e2Interactive, Inc. v. Blackhawk Network, Inc.*, No. 09-629, 2010 WL 3937911, at *4-5 (W.D. Wis. Oct. 6, 2010) (holding plaintiff's delay against it in discounting the importance of speed to trial); *Uniroyal Engineered Prods., LLC*, 2009 WL 736700, at *5 (noting that speed to trial is not equally important in all cases); *Lineage Power Corp. v. Synqor, Inc.*, No. 08-397, 2009 WL 90346, at *6 (W.D. Wis. Jan. 13, 2009) (concluding that plaintiff was "in no position to claim that a quick decision [was] critical to its rights" where the plaintiff had tolerated the alleged wrongful conduct for years).

**Relevant familiarity with the relevant law**. This factor is neutral. Both this Court and the Eastern District of Wisconsin are equally capable of handling this putative class action under the TCPA.

**Desirability of resolving controversies in each local and the relationship of each community to the controversy**. These factors reflect the principle that the "administration of justice is served more efficiently when the action is litigated in the forum that is "'closer to the action.'" *Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 777 (N.D. Ill. 1998) (cited with approval in *Research Automation*, 626 F.3d at 978). This factor strongly favors transfer. First, the Eastern District of Wisconsin is where a majority of the material events occurred. *See generally* Hoeft Decl. By contrast, none of the material facts occurred in this District. *See McMahon*, 2004 WL 882195, at *3 (noting that jury duty "ought not to be imposed upon the people of a community which has no relation to the litigation"). Second, the prominence of Kohl's Corp. and KDS in the economy of Southeastern Wisconsin—KDS, with more than 5,000 employees in Waukesha County, Mortonson Decl. ¶ 2, is the leading private employer in Waukesha County[6]—favors

---

[6] *See* www.waukeshacountyedc.org/Waukesha-County-Top-50-Private-Employers.aspx (republishing data compiled by the Wisconsin Department of Workforce Development).

resolving Ineman's challenge to KDS's business operations in the community where those practices occur on a daily basis. *See id.* (noting that public interest may be greater in the community where a dispute arises and that supports transfer).

In this case, the balance of the convenience factors and the interests of justice tip heavily in favor of transferring this case to the Eastern District of Wisconsin.

## CONCLUSION

For all the foregoing reasons and based on the entire record before the Court, Kohl's Corp. requests that the Court dismiss this action for improper venue or, alternatively, transfer it to the Eastern District of Wisconsin.

Dated this 23rd day of June, 2014.

/s/ Howard A. Pollack
Howard A. Pollack
John L. Kirtley
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, WI 53202
Phone: (414) 273-3500
Fax: (414) 273-5198
Email: hpollack@gklaw.com
jkirtley@gklaw.com

*and*

Bryan J. Cahill
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Phone: (608) 257-3911
Fax: (608) 257-0609
Email: bcahill@gklaw.com

*and*

Lauri A. Mazzuchetti**\***
James A. Boyle**\***
KELLEY DRYE & WARREN LLP
200 Kimball Drive
Parsippany, NJ 07054
Phone: (973) 503-5900
Fax: (973) 503-5950
Email: LMazzuchetti@KelleyDrye.com
JBoyle@KelleyDrye.com

*Attorneys for Defendant, Kohl's Corporation*

**\*** (To be admitted pro hac vice)

11677671.1