UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BRITTANY INEMAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>KOHL'S CORP.,<br><br>    Defendant. | **Case No.   14CV398** |

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTIONS TO DISMISS OR TRANSFER VENUE

### INTRODUCTION

Plaintiff Brittany Ineman, by her undersigned counsel, individually and on behalf of all others similarly situated (collectively "Plaintiff"), opposes Defendant Kohl's Corp.'s ("Defendant") Motions to Dismiss or Transfer Venue.[1] Essentially, Defendant asks the Court to give it home field advantage. However, the purpose of the venue statute is not to give a defendant its choice of the most convenient and advantageous forum. Rather, it is the plaintiff who has the right to choose the venue when more than one venue would be proper. Plaintiff has chosen the Western District of Wisconsin in which to bring this lawsuit.

As shown below, venue in this Court is proper under 28 U.S.C. § 1391(b)(1) due to Defendant's residency, contacts and activities with the Western District. Thus, the Court

---

[1] Defendant's Motions also sought to compel arbitration. Concurrent with this Brief, the parties are filing a stipulation extending the briefing schedule on the arbitration motion and providing for limited discovery on the issue of arbitration.

should deny Defendant's Motion to Dismiss for Improper Venue. Further, as also shown below, venue in the Eastern District of Wisconsin, where Defendant would prefer the case be handled, would neither be more convenient nor in the interests of justice, and therefore the Court should deny Defendant's Motion to Dismiss or Transfer Venue.

## ARGUMENT

**I.    VENUE IS PROPER IN THE WESTERN DISTRICT OF WISCONSIN.**

The venue statute provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located . . ." 28 U.S.C. § 1391(b)(1). Venue of this case in the Western District of Wisconsin is proper under this basis. In particular, venue is clearly proper where a defendant transacts business within the district. *See United States ex rel. Per Bukh v. Guldmann, Inc.*, No. 11 C 3701, 2014 WL 1647148, at *2 (N.D. Ill. Apr. 24, 2014).

The burden is on Defendant to justify dismissal or transfer for improper venue. "There is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255-56 (1981). "[V]enue involves a privilege personal to the defendant because the purpose of venue statutes is to prevent litigation from being conducted in a forum that is inconvenient to the defendant or unfair because the forum lacks a sufficient connection with the events giving rise to the claim." *Stickland v. Trion Group, Inc.*, 463 F. Supp. 2d 921, 924 (E.D. Wis. 2006). Therefore, venue is "an affirmative defense . . . [and] the defendant bears the burden of showing that it is improper." *Id.* at 925. Defendant has failed to meet that burden here.

This case is properly venued in the Western District under 28 U.S.C. § 1391(b)(1) because Defendant resides within this District. As a corporation, Defendant is "deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *See* 28 U.S.C. § 1391(c)(2).

As a Wisconsin corporation, Defendant is also a "resident[ ] of the State in which the district is located." 28 U.S.C. § 1391(b)(1). Given that Wisconsin is a state with multiple districts, Defendant is "deemed to reside in any district in [the] State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." *See* 28 U.S.C. § 1391(d).

A court has personal jurisdiction over a corporate defendant who transacts business within the district. *Bethany Lowe Designs Inc. v. ESC Trading Co.*, No. 10-4052, 2011 WL 134058, at *1 (C.D. Ill. Jan. 14, 2011). The Defendant, its subsidiary Kohl's Department Stores, Inc. ("KDS"), and KDS's subsidiary, Kohl's Value Services, Inc. ("KVSI"),[2] do in fact transact business within the Western District, as Defendant's submissions demonstrate.

"The general test for determining whether a corporation is transacting business in a judicial district is whether, according to everyday business concepts, a corporation transacts business of a substantial nature within the district." *Sanderson v. Spectrum Labs, Inc.*, 227 F. Supp. 2d 1001, 1006 (N.D. Ind. 2000). "In order to transact business of a substantial nature in a district, a corporation's contacts with that district must be somewhat regular and continuous." *Id.* at 1009. "The crucial question is whether [Defendant] has purposely availed itself of the privilege of conducting activities within the forum [district], thus invoking the benefits and protection of its laws." *Bicicletas Windsor, S.A. v. Bicycle Corp. of America*, 783 F. Supp. 781, 786 (S.D.N.Y 1992) (internal citation omitted).

---

[2] Based on the allegations made by Defendant about KDS' and KVSI's potential participation in the illegal acts alleged in Plaintiff's Complaint, counsel is investigating those allegations and will file an Amended Complaint to add one or both as defendants, if appropriate. Further, if the Court finds that venue is improper here due to the failure to name KDS and/or KVSI as a defendant in the Complaint, but that it would be proper if those entities were named defendants, the Court should allow Plaintiff an opportunity to file an Amended Complaint instead of dismissing or transferring the case.

- 3 -

As Defendant concedes, it (at least through its subsidiary and a subsidiary of its subsidiary) transacts business of a substantial nature within the Western District; Defendant operates 12 major retail stores within the district through which it sells goods and offers credit to members of the public within the district. (Defendant's Brief in Support of its Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer This Case to the Eastern District of Wisconsin, hereinafter "Def. Br.," at 3). Although Defendant contests which of its various corporate entities actually owns and operates those retail stores, that issue is not before the Court under the present Motions; notably, Defendant has not filed a motion to dismiss for lack of personal jurisdiction.

While it may be true that *more* of the facts underlying the claims occurred in the Eastern District than occurred in the Western District, Plaintiff need not "file a complaint in the district where the *most* substantial events giving rise to the claim occurred." *Capitol Specialty Ins. Corp. v. Splash Dogs, LLC*, 801 F. Supp. 2d 657, 672 (S.D. Ohio 2011) (emphasis added). "Instead, venue is proper in any forum with a substantial connection to the plaintiff's claim." *Id*. The requirement for substantiality "is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Id*.; *see also Sanderson v. Horse Cave Theatre 76*, 881 F. Supp. 2d 493, 507 (S.D.N.Y. 2012) ("[T]he civil venue statute permits venue in this district as long as a substantial part of the underlying events took place in this district."); *Ontel Products, Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1154 (S.D.N.Y. 1995) (finding the action had a substantial connection to the district through product advertisement and sale in district). Operating 12 major retail stores in the Western District, issuing credit cards to potential class members at those stores, and calling potential class members in this district to collect amounts owed on those credit cards is sufficient to establish that Defendant transacts business of a substantial nature within this district. *See*

*Ontel Products, Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1154 (S.D.N.Y. 1995) (finding venue proper where products were sold in retail stores within the district).[3] Because there is a substantial connection between the Defendant and the Western District, venue is proper here.

Cases cited by Defendant stating that the exercise of *general jurisdiction* is improper based on the existence of a parent-subsidiary relationship alone are inapposite. (Def. Br. at 8-9) (citing *Insolia v. Philip Morris Inc.*, 31 F. Supp. 2d 660, 669 (W.D. Wis. 1998)). Similarly, cases cited by Defendant stating that the exercise of *general jurisdiction* is improper except in a district where the defendant is "fairly regarded as at home" are also inapposite. (Def. Br. at 7-8). Instead, venue in this case is proper based on *specific jurisdiction*, given that this case arises directly from Defendant's contacts with this district. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 762 (2014) ("[J]urisdiction can be asserted where a corporation's in-state activities are not only 'continuous and systematic, but also give rise to the liabilities sued on.'") (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)).

In short, the Western District is not "so untethered from the parties and operative facts" to make venue improper. (*See* Def. Br. at 1-2) (citing *City of Sterling Heights Police & Fire Retirement System v. Kohl's Corp.*, No. 13 Civ. 5158(JSB), 2013 WL 5656086, at *1 (S.D.N.Y. Oct. 9, 2013) (finding venue improper where primary asserted contact was listing of Kohl's stock on New York Stock Exchange)); *see also Zipher Ltd. v. Markem Corp.*, No. 06-C-745-S, 2007 WL 840514, at *3 (W.D. Wis. Mar. 16, 2007) (venue improper where defendant had no physical presence in district and there was no local injury from infringing sales).

---

[3] Indeed, having availed itself of the privilege of placing the automated calls that form the basis of this lawsuit to many thousands of Defendant's customers who reside in this District, as a practical matter, it makes little sense to transfer this action when any of these potential class members could unquestionably file the same lawsuit in this District.

"Unlike personal jurisdiction, which has a constitutional dimension, civil venue is a creature of statute, intended to limit the potential districts where one may be called upon to defend oneself in any given matter to those that are fair and reasonably convenient." *KM Enterprises, Inc. v. Global Traffic Technologies, Inc.*, 725 F.3d 718, 724 (7th Cir. 2013). Certainly, it is "fair and reasonably convenient" to require a Wisconsin corporation doing business in Wisconsin to appear in a federal court in Wisconsin, especially when the corporation has substantial contacts with the district. Accordingly, venue is proper in the Western District pursuant to 28 U.S.C. § 1391(b)(1).

## II. VENUE SHOULD NOT BE CHANGED TO THE EASTERN DISTRICT.

Despite the clear basis for venue in the Western District of Wisconsin, Defendant requests the Court to dismiss this action or transfer it "in the interest of justice" to the Eastern District of Wisconsin. *See* 28 U.S.C. § 1406(a). In the alternative, Defendant requests the Court to transfer this case "[f]or the convenience of parties and witnesses, in the interest of justice," to the Eastern District. *See* 28 U.S.C. § 1404(a). Defendant fails to meet the standards for dismissal or transfer under either provision.[4]

---

[4] If, despite the arguments presented in Section I, the court decides that venue is improper in the Western District of Wisconsin, the equities weigh in favor of transfer to the Eastern District of Wisconsin rather than dismissal. "The Supreme Court has held that '[i]f by reason of the uncertainties of proper venue a mistake is made . . . 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . time-consuming and justice-defeating technicalities." *Jones v. Blue Nile Express, LLC*, 14-CV-191-JDP, 2014 WL 2957452, at *5 (W.D. Wis. July 1, 2014) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)). "If it serves the interest of justice, this Court may transfer venue even though it does not have personal jurisdiction over the defendant." *Miron Const. Co., Inc. v. Dustex Corp.*, 14-C-306, 2014 WL 3043977, at *5 (E.D. Wis. July 3, 2014) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962)). If the Court determines that venue in the Western District is improper, the Court should transfer to the Eastern District rather than inefficiently dismissing the action and forcing Plaintiff to refile.

In considering a motion to transfer, the statute "is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Wealth Building Cornerstones, LLC v. Leap Systems, LLC*, No. 13-cv-456-bbc, 2014 WL 108576, at *7 (W.D. Wis. Jan. 10, 2014) (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The court will "consider the particular factors of each case and 'weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" *Id*.

Defendant bears the burden of demonstrating that the Eastern District is *clearly* a more convenient forum than the Western District. *See United States ex rel. Per Bukh v. Guldmann, Inc.*, No. 11 C 3701, 2014 WL 1647148, at *3 (N.D. Ill. Apr. 24, 2014). Defendant must establish that transfer is for the "convenience of parties and witnesses" and "in the interest of justice." *See* 28 U.S.C. § 1404(a). "When evaluating the convenience of the parties and witnesses, appropriate factors to consider include the plaintiff's choice of forum, the situs of material events and ease of access to sources of proof." *Sunbeam Products, Inc. v. Homedics, Inc.*, 587 F. Supp. 2d 1055, 1057 (W.D. Wis. 2008). In evaluating whether a transfer is in the interest of justice, the court focuses on "the efficient administration of the court system, such as whether a transfer would help the litigants receive a speedier trial or facilitate consolidation of related cases." *Id*. (internal citation omitted).

"[V]enue can, of course, be proper in more than one District," and the propriety of venue in one district does not negate the propriety of venue in another district. *Bethany Lowe Designs Inc. v. ESC Trading Co.*, No. 10-4052, 2011 WL 134058, at *2 (C.D. Ill. Jan. 14, 2011). Instead, Defendant must "establish by reference to particular circumstances that the other forum is more convenient." *Id*. "Where the parties each reside in different states, there is no choice of forum that will avoid imposing inconvenience on one or the other, and 'the tie is awarded to the plaintiff.'" *Id*. (quoting *In re Nat'l Presto Industries, Inc.*, 347 F.3d 662, 665 (7th Cir. 2003)).

Although a plaintiff's choice of forum does not receive the same deference outside the plaintiff's home forum, "even when [a] plaintiff is not litigating [in] his home forum, his choice of forum should not be disturbed unless the transfer factors balance *strongly* favors defendant." *Illumina, Inc. v. Affymetrix, Inc.*, No. 09-cv-277-bbc, 2009 WL 3062786, at *2 (W.D. Wis. Sept. 21, 2009) (emphasis added) ("The District Court should bear in mind that in filing an action the plaintiff is permitted to choose any proper forum and that the plaintiff's choice of forum should not be lightly set aside.") (internal citations omitted).[5]

If either forum "would present equal convenience or inconvenience to the parties," "transfer will be denied." *Wealth Building Cornerstones, LLC v. Leap Systems, LLC*, No. 13-cv-456-bbc, 2014 WL 108576, at *8 (W.D. Wis. Jan. 10, 2014) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964) ("Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient."); *Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) ("Where the balance of convenience is a close call, merely shifting inconvenience from one party to another is not a sufficient basis for transfer.")).

### A.   Convenience to Defendant Alone is Insufficient.

Defendant relies heavily on the argument that venue in the Eastern District would be more convenient for its employee-witnesses. As an initial matter, this concern is misplaced

---

[5] Defendant cites *Nero v. Am. Family Mut. Ins. Co.*, No. 11-1072, 2011 WL 2938138, at *2 (N.D. Ill. July 19, 2011), to support its argument that the Court should disregard Plaintiff's choice of forum; however, only one of the three factors from that case minimizes the weight of Plaintiff's choice of forum, namely that Plaintiff does not reside in the Western District. The second factor does not apply here: the plaintiff in *Nero* filed the action for a class whose members were "largely" from another single jurisdiction, while here the potential members of the class are distributed wherever Defendant maintains retail locations, including the Western District. *Id.* The third factor is also inapposite, as the Western District has as much connection with this case as any jurisdiction that contains Defendant's retail locations. *Id.*

and premature. It is unlikely that any of Defendant's employee-witnesses would be required to travel to this District for pre-trial proceedings. Plaintiff agrees that any of Defendant's witnesses will be deposed at a mutually agreeable location within 100 miles of their primary residence or place of business. It is also common practice in this District for most pre-trial proceedings with the Court to be handled telephonically, as demonstrated by the telephonic pre-trial conference currently set for July 29, 2014, and thus counsel for the Defendant will not be expected to travel to the Western District for such proceedings.

Moreover, "the primary concern is not the convenience to the parties but the convenience to the witnesses—non-party witnesses, in particular." *21 srl v. Newegg Inc.*, No. 09-cv-6590, 2010 WL 1178066, at *3 (N.D. Ill. Mar. 24, 2010) (citing *Bullard v. Burlington N. Santa Fe Ry.*, No. 07 C 6883, 2008 WL 4104355, at *4 (N.D. Ill. Aug. 29, 2008) ("Courts are less concerned about the burden that appearing at trial might impose on witnesses who are either employees of parties or paid experts; it is presumed that such witnesses will appear voluntarily.")); *see also Wilcox v. Alternative Entertainment, Inc.*, No. 09-cv-659-bbc, 2010 WL 691702, at *3 (W.D. Wis. Feb. 25, 2010) ("The key witnesses that defendant has identified work for defendant in the Eastern District, but defendant will have no trouble securing the presence of its own employees in the Western District.") (denying motion to transfer). Further, "the rapid transmission of documents . . . make[s] it easy these days for cases to be litigated with little extra burden in any of the major metropolitan areas." *Illumina, Inc. v. Affymetrix, Inc.*, No. 09-cv-277-bbc, 2009 WL 3062786, at *3 (W.D. Wis. Sept. 21, 2009) (denying motion to transfer) (internal citation omitted).

Similarly, the location of Defendant's headquarters and principal place of business in a district is insufficient to support a transfer to that district. *See Sunbeam Products, Inc. v. Homedics, Inc.*, 587 F. Supp. 2d 1055 (W.D. Wis. 2008) (denying transfer where it would have been more convenient for the defendant's corporate witnesses, because other factors such as the ability to easily transport documents between districts demonstrated the proposed district was

not *clearly* more convenient); *see also Gallert v. Courtaulds Packaging Co.,* 4 F. Supp. 2d 825, 833 (S.D. Ind. 1998) (Although a district "may be more convenient for the defendant, it would not be more convenient for the plaintiff, as demonstrated by the fact that he chose to litigate in this forum. . . . [A] defendant corporation doing business in many states is in much better position to litigate in a distant forum than an individual plaintiff.") (internal citation omitted).

The fact that Defendant seeks to transfer this case to an immediately adjacent district further weighs against transfer, especially where the courts in the Western District and Eastern District are located a relatively short distance apart. *See Lulling v. Barnaby's Family Inns, Inc.*, 482 F. Supp 318, 321 (E.D. Wis. 1980) (venue proper in Eastern District despite the defendants' argument that venue was more proper in Western District where plaintiffs resided); *United States v. Somers*, 322 F. Supp. 31, 32 (E.D. Wis. 1971) ("Although the defendant resides in Madison, Wisconsin, . . . this is not an impressive reason for a change of venue. The distance between Madison and Milwaukee is not so great that travel between the two cities is burdensome."). Defendant's heavy reliance on *McMahon* for supporting a transfer from the Western District to the Eastern District is misplaced, where that case involved two parties who resided in the Eastern District and where all relevant events occurred in the Eastern District. (Def. Br. at 12-13) (citing *McMahon v. Carroll College*, No. 03-C-0702-C, 2004 WL 882195, at *1 (W.D. Wis. 2004)).

Accordingly, Defendant has failed to demonstrate that venue in the Eastern District would be *clearly* more convenient. Defendant cannot rely solely on the convenience to itself and its employee-witnesses; nor can it rely on any purported burden of travel between Milwaukee and Madison. Defendant's argument falls far short of the standard required to override the forum selection made by Plaintiff.

**B. The Interests of Justice Do Not Weigh in Favor of Transfer.**

Defendant also fails to demonstrate that the interests of justice favor transfer. In determining whether a transfer would be in the interests of justice, a court will focus on "the

- 10 -

efficient administration of the court system, such as whether a transfer would help the litigants receive a speedier trial or facilitate consolidation of related cases." *Sunbeam Products, Inc. v. Homedics, Inc.*, 587 F. Supp. 2d 1055, 1057 (W.D. Wis. 2008). Defendant concedes that the speed of trial and the familiarity of each court with the relevant law are neutral factors. (Def. Br. at 13-14). Instead, Defendant argues solely that the local community in the Eastern District has a stronger interest in this case; however, Defendant fails to consider that members of the proposed class are equally affected in the Western District and Eastern District (and, indeed, every other federal judicial district in which Defendant operates a store and offers a credit card, and to which it directs automated calls—the activities that are at the heart of this lawsuit). When a lawsuit is brought as a class action, the residence of the members of the alleged class is a relevant factor in considering the convenience of parties and witnesses and the interests of justice. *Blender v. Sibley,* 396 F. Supp. 300, 302, (E.D. Pa. 1975). Accordingly, all factors in the interests of justice determination are neutral.

        In summary, the test is whether the transfer is clearly more convenient for all the parties and witnesses and in the interest of justice, not whether the transfer is more convenient for one party and more favorable to the defendant's interests in having a home field advantage. Defendant has not demonstrated that it is *clearly* more convenient for this case to be litigated in the Eastern District than the Western District, and further fails to demonstrate transfer is in the interests of justice. Having failed to carry its burden, the Court should deny Defendant's Motion to Transfer.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that the Court deny Defendant's Motions to Dismiss or Transfer Venue.

Dated: July 14, 2014
Respectfully submitted,

By: */s/ Tamara B. Packard*

CULLEN WESTON PINES & BACH LLP
Lester A. Pines, SBN 1016543
Email: pines@cwpb.com
Tamara B. Packard, SBN 1023111
Email: packard@cwpb.com
122 West Washington Avenue, Suite 900
Madison, WI 53703
Telephone: (608) 251-0101
Facsimile: (608) 251-2883

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Daniel M. Hutchinson
Email: dhutchinson@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Jonathan D. Selbin
Email: jselbin@lchb.com
Douglas I. Cuthbertson
Email: dcuthbertson@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

MEYER WILSON CO., LPA
Matthew R. Wilson
Email: mwilson@meyerwilson.com
Michael J. Boyle, Jr.
Email: mboyle@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

*Attorneys for Plaintiff Brittany Ineman and the Proposed Class*