UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF WISCONSIN

---

BRITTANY INEMAN, individually and on
     Behalf of all others similarly situated,

         Plaintiff,               Case No. 14-cv-398-wmc

   v.

KOHL'S CORP.,

         Defendant.

---

**JOINT PRELIMINARY PRETRIAL REPORT**

---

     **THE PARTIES**, by their respective attorneys, have reviewed Fed. R. Civ. P. Rule 26, the court's Standing Order Governing Preliminary Pretrial Conferences (revised 09/10), and conferred by telephone on July 22, 2014.  The following is their Joint Preliminary Pretrial Report, including discovery plan.

    1)    **Pursuant to Rule 26(d) a party may not seek discovery from any source prior to the meeting required by this order.**

        So noted by the parties.  By stipulation (Dkt. 26) and as allowed by Court Order (Dkt. 27), the parties initiated limited arbitration-related discovery prior to the Rule 26 conference.  See below for further details.

    2)    **The parties may stipulate out of the disclosure requirements of Rules 26(a)(1) and 26(a)(2)(B) by unanimous agreement.  In the absence of such an agreement, the court will strictly enforce these rules.**

        At present, there are two pending motions before the Court—a motion to dismiss/transfer because of alleged improper venue, and a motion to compel arbitration.  If the Court were to grant either of these motions, the action would not continue in front of this Court.

        For this reason, the parties have agreed to postpone the exchange of Rule 26 initial disclosures until after the Court has ruled on the venue motion

and the motion to compel arbitration.  If the Court denies both motions, the parties agree to exchange initial disclosures within twenty (20) days after the Court issues the latter of those two rulings.

3) **Trial shall be held nine to twelve months after the preliminary pretrial conference, slightly later for extremely complex cases.**

   The parties have proposed a slightly longer track in this class action case, for the reasons explained below, to run from the time the Court rules on the two pending "threshold" motions.

4) **The court requires dispositive motions to be filed not later than 4 ½ months before trial, prior to the close of discovery.**

   The parties have included proposed dates for dispositive motions, below, in keeping with this requirement.

Pursuant to the stipulation the parties entered into on July 18, 2014, the parties have agreed to engage in discovery regarding the arbitrability of Plaintiff's claim.  The parties intend to complete this discovery prior to the deadline for Plaintiff to file her opposition to the Motion to Compel Arbitration (Dkt. 7), which is September 12, 2014 (Dkt. 27).

The parties have agreed that both sides will take steps to preserve relevant documents and ESI.  The parties plan to enter into a protocol regarding the production of ESI in discovery, and are in the process of drafting such an agreement at this time.

The parties anticipate the need for a protective order governing documents which contain confidential consumer information (such as telephone numbers, social security numbers, and other financial data).  The parties plan to submit such a proposed order as soon as possible so that there is no delay in the production of documents.

The parties do not anticipate that any other limitations on discovery, outside of those contained in the Federal Rules, will be necessary.

**The parties' report to the court must contain the following information, which should be provided in a joint statement.  If the parties disagree on a point, then each party shall state its position on that point separately within the joint report.**

1. **A concise statement of the nature of the case.**

   Plaintiff alleges that Defendant illegally called Plaintiff and thousands of

proposed class members on their cellular telephones via an "automatic telephone dialing system" and/or by using "an artificial or prerecorded voice" without their "prior express consent" within the meaning of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et. seq. Plaintiffs propose a nationwide class of all persons who received a non-emergency telephone call from Defendant, to a cellular telephone through the use of an automated dialing system and/or an artificial prerecorded voice  and who did not provide the cellular number called on any initial application for a Kohl's credit card.  On June 2, 2014, Plaintiff filed a Motion for Class Certification.

Defendant denies all material allegations of the Complaint and disputes that it autodialed Plaintiff or putative class members without their prior express consent, that it violated the TCPA, or that Plaintiff or putative class members are entitled to any relief from Defendant.  Defendant further contends that Plaintiff is subject to a binding arbitration provision in the Kohl's credit card customer agreement, and that this action should therefore be stayed or dismissed in favor of an individual arbitration proceeding. In addition, and as set forth in Defendant's Opposition to Plaintiff's Motion for Class Certification (filed on June 23, 2014), Defendant contends that even if Plaintiff could sustain her claims against it in a judicial forum, which she cannot, Plaintiff will be unable to show that the claims asserted are appropriate for class treatment.

**2.     The names of any related cases.**

None.

**3.     A specific statement of the material factual and legal issues to be resolved at trial.**

The parties have identified the following factual and legal issues, including issues on the discovery that will be needed:

1.     The enforceability against Plaintiff of the arbitration clause and class action waiver that Defendant asserts was part of her cardholder agreement.

2.     Whether, and to what extent, Kohl's obtained "prior express consent," as defined by the FCC, to make calls via automated dialer and/or pre-recorded voice to Plaintiff and proposed class members.

3.     Whether it is possible, feasible and/or practical to ascertain the

3

identity of individuals who allegedly received a call from Kohl's via autodialer and/or prerecorded voice on a cellular number that was not provided to Kohl's during the initial application process or otherwise.

4.     Whether Plaintiff can satisfy the requirements of Rule 23 and/or represent the proposed putative class.

5.     The number and identity of individuals who received calls from Kohl's via automated dialer and/or pre-recorded voice on a cellular number that was not provided by the individual to Kohl's, as well as the number of calls each of those individuals received.

6.     To the extent Kohl's violated the TCPA in making calls via automated dialer and/or pre-recorded voice, whether those violations were "willful" or "knowing" as defined in 47 U.S.C. § 227(b)(3).

7.     To the extent Kohl's violated the TCPA in making calls via automated dialer and/or pre-recorded voice, whether an injunction is appropriate to prevent such calls being made in the future.

The parties may identify additional legal or factual issues as discovery progresses.

**4.     A description of any amendments to the pleadings that any party intends to make.**

The parties propose that the court allow fifty-nine (59) days after the initial pre-trial conference on July 29, 2014, or until September 26, 2014, to amend pleadings without showing cause.

**5.     The identity of any new parties to be added, including an explanation as to why these parties must (or should) be added.**

Defendant has argued that it is not properly named as a defendant in this case.  Plaintiff is investigating this issue and will amend her complaint as appropriate.

**6.     Estimated trial length.**

Following discussion, the parties estimate a maximum of 7 trial days will be necessary.  The parties anticipate that a trial may involve testimony from expert witnesses.  Expert testimony may be necessary, for example, to determine the number of class members and the number of calls they

4

received from Defendant, depending on the robustness of Defendant's records.

In the parties' experience, testimony of this type is time-consuming when made in the context of a trial, even where the total number of expert witnesses is modest.  For this reason, the parties would prefer to err on the side of a longer estimate of trial length, and thus suggest 7 days.

7.    **Any other matter affecting the just, speedy and inexpensive disposition of this case, or which the court should take into account in setting the schedule.**

    a.    <u>Limitations on counsel availability</u>:  The parties are not aware of any unavailability of counsel that would impact scheduling in this case.

    b**.**    As discussed previously, since the resolution of Kohl's motion to compel arbitration is a critical component in how this case proceeds, the parties suggest a schedule which is keyed off of the date the Court rules on that motion.

        The parties therefore propose the following schedule for discovery and other deadlines:

| | |
|---|---|
| September 12, 2014 | Plaintiff's Brief in Opposition to Motion to Compel Arbitration [per stipulation and Order (Dkt. 26 and 27)]. |
| September 26, 2014 | Defendant's Brief in Reply in support of Motion to Compel Arbitration [per stipulation and Order (Dkt. 26 and 27)]. |
| September 26, 2014 | Deadline for amendments to pleadings allowed without cause. |
| TBD | The Court rules on the Motion to Compel Arbitration |
| + 20 days | Parties' initial disclosures |
| + 28 weeks | Plaintiffs' disclosure of expert witnesses, with reports per Rule 26(a)(2)(B). |

| | |
|---|---|
| + 34 weeks | Defense disclosure of expert witnesses with reports per Rule 26(a)(2)(B). |
| + 38 weeks | Plaintiff's expert rebuttals due, if any. |
| + 40 weeks | Deadline for class certification motion. |
| + 21 days from filing of class cert motion | Defendant's opposition to class certification motion. |
| + 10 days from filing of opposition to class cert | Plaintiff's reply in support of class certification motion. |
| + 46 weeks | Deadline for filing dispositive motions. |
| + 48 weeks | Close of discovery. |
| + 21 days from filing of dispositive motions | Oppositions to dispositive motions. |
| + 10 days from filing of oppositions to disp. motions. | Replies in support of disp. motions. |
| + 66 weeks | Trial. |

The parties are mindful that this proposed schedule would be slightly longer than the Court's preferred 9-12 month track.  The parties believe that this schedule will "secure the just, speedy, and inexpensive determination of" the parties' dispute called for by Fed. R. Civ. Pro. 1, given the threshold issues currently pending before the court, as well as the complex nature of class action litigation and potential expert testimony that will be required.

Dated:July 24, 2014

KELLEY DRYE

By:   */s/ Lauri Mazzuchetti (per email*
*authorization 7/24/14)*
Lauri Mazzuchetti
Email:  lmazzuchetti@kelleydrye.com
Joseph Boyle
Email: jboyle@kelleydrye.com
200 Kimball Drive
Parsippany, NJ 07054
Telephone:  (973) 503-5900
Facsimile:  (973) 503-5950

*Attorneys for Defendant Kohl's*
*Corporation*

Respectfully submitted,

MEYER WILSON CO., LPA

By: */s/ Matthew R. Wilson*
Matthew R. Wilson
Email:  mwilson@meyerwilson.com
Michael J. Boyle, Jr.
Email:  mboyle@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone:  (614) 224-6000
Facsimile:  (614) 224-6066

CULLEN WESTON PINES & BACH LLP
Lester A. Pines, SBN 1016543
Email: pines@cwpb.com
Tamara B. Packard, SBN 1023111
Email: packard@cwpb.com
122 West Washington Avenue, Suite 900
Madison, WI 53703
Telephone: (866) 443-8661
Facsimile: (608) 251-2883

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Daniel M. Hutchinson
Email:  dhutchinson@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Jonathan D. Selbin
Email:  jselbin@lchb.com
Douglas I. Cuthbertson
Email:  dcuthbertson@lchb.com
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592

*Attorneys for Plaintiff Brittany Ineman*
*and the Proposed Class*