IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRITTANY INEMAN, individually and on
behalf of all others similarly situated,

                               Plaintiff,                  OPINION AND ORDER

     v.

                                             14-cv-398-wmc

KOHL'S CORPORATION,[1]

                           Defendant.

In this proposed class action, defendant Kohl's Corporation is accused of violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b), by calling plaintiff Brittany Ineman's and other putative class members' cell phones without their prior express consent using an "automatic telephone dialing system" or "artificial or prerecorded voice." Before the court is Kohl's motion to dismiss or stay plaintiff's class claims and compel plaintiff to arbitrate pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, based on her 2009 Cardmember Agreement, which contains a bilateral clause requiring arbitration on an individual basis. (Dkt. #7.)[2] Because the court finds that plaintiff assented to binding arbitration, the court will grant defendant's motion to arbitrate her individual claim and will dismiss this action.

---

[1] The court notes that plaintiff identifies defendant in her complaint as "Kohl's Corp.," but counsel for defendant identifies it by its formal name "Kohl's Corporation." Accordingly, the caption has been changed to reflect defendant's formal corporate name.

[2] Alternatively, defendant seeks to dismiss this action for improper venue under Federal Rule Civil Procedure 12(b)(3) and to transfer to it to the Eastern District of Wisconsin under 28 U.S.C. § 1406(a) or § 1404(a). Because the court finds dismissal of this action warranted, it need not take up the other aspects of defendant's motion.

ALLEGATIONS OF FACT[3]

**A.  The Parties**

Plaintiff Brittany Ineman is an individual citizen of the State of Ohio, who resides in Dublin, Ohio.  Defendant Kohl's Corporation is a corporation incorporated under the laws of the State of Wisconsin, with its principal place of business in Menomonee Falls, Wisconsin.  Kohl's Department Stores, Inc. ("KDS") is a wholly-owned, operating subsidiary of Kohl's Corporation and services its private label credit card accounts.

**B.  Kohl's Credit Card**

On or about August 2008, plaintiff applied for and obtained a general use credit card issued by Kohl's Corporation.  (Compl. (dkt. #1) ¶ 14.)  As part of the application process, plaintiff completed a paper credit card application that consisted entirely of her personal information but not her cellular phone number.  (*Id.*)  Although plaintiff acknowledges applying for and obtaining a general-use credit card from Kohl's, she does not recall the application containing any terms and conditions.  Still, plaintiff regularly used her credit card for purchases after its issuance.  (*Id.* at ¶ 15.)

Sometime in late 2008, plaintiff began receiving numerous autodialed and prerecorded calls on her cellular phone from Kohl's or parties operating on Kohl's behalf.  These calls continued on a periodic basis from 2008 until early 2013, when plaintiff paid off and closed her Kohl's credit card account altogether.  Plaintiff alleges that these

---

[3] For purposes of deciding a motion to dismiss, the court accepts all well-pled factual allegations in the complaint as true, *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014), and views them in the light most favorable to plaintiff as the non-movant, *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010).

telephone calls to her cellular phone were *not* "for emergency purposes" within the meaning of 47 U.S.C. §227(b)(1)(A).

## C. Posture of the Case

Plaintiff seeks certification of a class consisting of individuals who: (1) received non-emergency telephone calls to their cellular telephone from or on behalf of Kohl's through the use of an automatic telephone dialing system or prerecorded voice; and (2) did not provide their cellular phone number on any initial application. In response, in defendant's motion to dismiss and compel arbitration, the court is being asked to consider the parties' underlying Cardmember Agreement and to enforce the arbitration clause, which provides in relevant part:

> 21. Arbitration for Disputes: *No Jury Trials or Class Actions*:
>
> This section describes how all Claims (as defined in A. below) will be arbitrated instead of litigated in court.
>
> A. "Claim" means all claims, disputes, and controversies between you and us arising from or relating to (1) this Agreement (including but not limited to the validity, scope, and enforceability of this Section 21), your Account, or any balance on your Account . . . The word Claim will be given the broadest possible meaning. For example, and without limitation, Claim includes all claims, based on contract, tort, fraud, and other intentional torts, *statute*, common law, and equity, and including counterclaims, cross claims, and third party claims . . .
>
> C. If we or you request arbitration of a Claim, we and *you will not have the right to litigate the Claim in court*.

(Hoeft Decl., Ex. A (dkt. #10-1) § 21 (emphasis added.))

OPINION

## I.  Conversion of Motion Under Rule 12(d)

Generally, when a court decides a motion to dismiss under Rule 12(b)(6), it is restricted to an analysis of the complaint.  Fed. R. Civ. P. 12(d); *see also Landsman & Funk, P.C. v. Lorman Business Center*, No. 08–cv–481–bbc, 2009 WL 602019, at *1 (W.D. Wis. Mar. 9, 2009) (citing *Hill v. Trustees of Indiana University*, 537 F.2d 248, 251 (7th Cir. 1976)).  An exception applies, however, for "[d]ocuments that a defendant attaches to a motion to dismiss," which are "considered part of the pleadings if . . . referred to in the plaintiff's complaint and . . . central to [its] claim." *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (citations omitted); *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002) (documents not attached to the complaint may be considered if they are referred to in the compliant, are concededly authentic and are central to the plaintiff's claim).  This exception to the general rule is meant to "prevent parties from surviving a motion to dismiss by artful pleading or by failing to attach relevant documents."  *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002).

In moving for dismissal here, defendant submits a 2009 Cardmember Agreement. (Declaration of Rebeca Hoeft ("Hoeft Decl."), Ex. A, (dkt. #10-1).)[4]  The agreement

---

[4]  Despite the fact that the complaint alleges Ineman received the card in 2008, discovery appears to confirm that the application and receipt of the card occurred in 2009.  As such, the court will consider the 2009 Cardmember Agreement because (1) Ineman does not appear to dispute that she applied for the card in 2009, and (2) even if 2008 is the correct date, the terms of the 2009 Cardmember Agreement still would have applied due to her continued use of the card in 2009.

Defendant later submitted a blank paper application purportedly used in Kohl's stores in 2009.  (10/10/14 Declaration of Rebecca Hoeft ("10/10/14 Hoeft Decl."), Ex. A (dkt.

itself is proffered in the declaration of Rebecca Hoeft, the Vice President of Risk Management and Fraud for KDS, a position she has held since 2011. (Hoeft Decl. (dkt. #10) ¶ 1.) "At the conclusion of the application process," Hoeft declares that "the sales associate would have provided to Ms. Ineman a copy of the 2009 Cardmember Agreement." (*Id.* at ¶ 21.) While the complaint references a paper credit card application (Compl. (dkt. #1) ¶ 14), there is *no* mention of a cardmember agreement. Nor does such an agreement appear central to plaintiff's claims, since Ineman is not asserting a breach of contract claim. Rather, she asserts a statutory claim.

In order to consider the Cardmember Agreement, therefore, the court must treat plaintiff's motion to dismiss as one for summary judgment under Federal Rule of Civil Procedure 56. *Jacobs v. City of Chi.*, 215 F.3d 758, 765-766 (7th Cir. 2002) (district court was obligated to either not consider the extraneous submissions in ruling on the motion or to convert the motion to one for summary judgment). In doing so, the court must also give the parties a reasonable opportunity to present all materials pertinent to a Rule 56 motion. Fed. R. Civ. P. 12(d); *Tierney v. Vahle*, 304 F.3d 734, (7th Cir. 2002) (purpose of rule is "to make sure that each party has notice of evidence that the opposing party wants to present in support of his claim or defense.").

---

#42-10).) The court will not consider this document or argument concerning the language in that application, since it was submitted for the first time with defendant's reply in support of its motion to dismiss. *See Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009) ("[T]he district court is entitled to find that an argument raised for the first time in a reply brief is forfeited."). Even if considered, the paper application simply references the terms of the Cardholder Agreement itself.

Here, both plaintiff and defendant have received a reasonable opportunity to present material pertinent to summary judgment based on the arbitration provision in plaintiff's Cardmember Agreement.  First, the parties submitted a stipulation to allow arbitration-related discovery, which the court previously granted.  (Dkt. ##26, 27.)  In addition to submitting an opposition brief to defendant's motion, plaintiff also submitted a declaration and other materials, including excerpts from Hoeft's deposition and a letter from Kohl's to its cardmembers describing changes to terms of the Cardmember Agreement.  (Dkt. ##35, 36, 37.)  Finally, defendant deposed plaintiff, filed an additional brief in support of compelling arbitration, and submitted exhibits related to plaintiff's credit card statement and online account management agreement. (Dkt. ###39, 40, 42.)

Converting defendant's motion to dismiss to a motion for summary judgment also appears consistent with the Seventh Circuit's guidance on reviewing a motion to compel arbitration.  *See Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002) (explaining that the evidentiary standard a party seeking to avoid compelled arbitration must meet is analogous to that under Rule 56(e)).  "Just as in summary judgment proceedings, a party cannot avoid compelled arbitration by generally denying the facts upon which the right to arbitration exists; the party must identify specific evidence in the record demonstrating a material factual dispute for trial."  *Id*.; *see also Tickanen v. Harris & Harris, Ltd.*, 461 F. Supp. 2d 863, (E.D. Wis. 2006) ("Motions to compel arbitration are reviewed under a summary judgment standard.").   Having given plaintiff ample opportunity to demonstrate a material dispute as to the applicability and enforceability

of the arbitration claims in her Cardmember Agreement, therefore, the court will take up the merits of defendant's motion to compel arbitration.[5]

## II. Motion to Compel Arbitration

A court must compel arbitration under the Federal Arbitration Act where: (1) a valid agreement to arbitrate exists; (2) the dispute falls within the scope of that agreement; and (3) plaintiff has refused to proceed to arbitration in accordance with the arbitration agreement. *Zurich Am. Ins. Co. v. Watts Indus*., 466 F.3d 577, 580 (7th Cir. 2006); *Sharif v. Wellness Int'l Network, Ltd*., 376 F.3d 720, 726 (7th Cir. 2004); *Villalobos v. EZ Corp*., No. 12-cv-852-SLC, 2013 WL 3732875, at *1 (W.D. Wis. July 15, 2013). Moreover, there is a "presumption of arbitrability" in the sense that "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (citing *United Steelworkers of Am. V. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (2000)).

The parties' dispute focuses on the presence of the first element -- a valid agreement to arbitrate. Although plaintiff acknowledges applying for and obtaining a general-use credit card from Kohl's, she does not *recall* the application containing any

---

[5] In addition to the Cardmember Agreement, defendant attempts to usher in sworn testimony of several Kohl employees, along with Ineman's credit card statements. Because defendant's motion to compel arbitration is based solely on the language within the Cardmember Agreement, this court will not -- and need not -- consider any sworn testimony or additional exhibits.

terms and conditions.  Based on her lack of recall alone, plaintiff disputes receiving or signing a 2009 Cardmember Agreement and, by implication, she disputes entering into an agreement with Kohl's to arbitrate disputes on a strictly individual basis.  Even so, plaintiff concedes using her credit card for purchases and paying off the balance in early 2013 (Compl. (dkt. #1) ¶ 15), which is enough to establish the enforceability of the Agreement's arbitration clause for the reasons that follow.

Arbitration is a matter of contract -- no party can be required to arbitrate a claim if they have not agreed to do so.  *See Hawkins v. Aid Ass'n for Lutherans*, 338 F.3d 801, 806 (7th Cir. 2003) (citing *Harter v. Iowa Grain Co.*, 220 F.3d 544, 553 (7th Cir. 2000)).  Whether the parties agreed to arbitrate is a matter of state contract law.  *See Hawkins*, 338 F.3d at 806 (citing *Tinder*, 305 F.3d at 733).

To determine whether the parties entered into an enforceable arbitration contract, "a federal court should look to the state law that ordinarily governs the formation of contracts." *Koveleskie v. SBC Capital Mkts., Inc.*, 167 F.3d 361, 367 (7th Cir. 1999) (internal quotation mark and citation omitted).   While the 2009 Cardmember Agreement specifies the application of Delaware law (Hoeft Decl., Ex. A (dkt. #10-1) § 22), the plaintiff's contract, purchases and payments were made at Kohl's stores in Ohio and plaintiff filed suit in Wisconsin.   Fortunately, the court need not resolve any uncertainty as to whether the laws of Delaware, Ohio or Wisconsin apply, since it is accepted under the laws of all three states that a credit card agreement becomes enforceable once a cardholder uses the card.  *See Heiges v. JP Morgan Chase Bank, N.A.*, 521 F. Supp. 2d 641, 647 (N.D. Ohio 2007) (noting that "issuance and use of a credit

card creates a legally binding agreement" and "[b]y simply using the card, [cardholder] agreed to be bound by the Agreement and all its terms"); *Grasso v. First USA Bank*, 713 A.2d 304, 308-09 (Del. Super. Ct. 1998) (use of the credit card would constitute acceptance of the terms in the credit card agreement); *Clemens v. GE Money Bank*, No. 11–CV–00210, 2012 WL 5868659, at *2 (E.D. Wis. Nov. 20, 2012) (continued use of credit card indicates assent to credit card agreement including the applicable arbitration clause); *cf. Boomer v. AT & T Corp.*, 309 F.3d 404, 415 (7th Cir. 2002) (holding that plaintiff accepted terms of A T & T Consumer Services Agreement by continued use of services).

Because continued use of a credit card by the cardholder constitutes acceptance of the terms of the credit card agreement, courts routinely reject the essential argument made by plaintiff here -- namely, that the agreement is unenforceable because she did not sign, read or receive the credit card agreement, or at least does not remember doing so. *See, e.g., Tinder*, 305 F.3d at 736 ("Although . . . the FAA requires arbitration agreements to be written, it does not require them to be signed."); *Heiges*, 521 F. Supp. 2d at 647 (rejecting plaintiff's argument that he needed to sign credit card agreement to be bound by its terms); *Clemens*, 2012 WL 5868659, at *2 ("Even if plaintiffs did not read the cardholder agreements or the proposed amendments, the contracts are still binding because plaintiffs had the opportunity to do so." (citing *Hill v. Gateway 2000, Inc.*, 105 F.3d 1147, 1148 (7th Cir. 1997)); *Tickanen*, 461 F. Supp. 2d at 867 ("[P]laintiffs accepted the agreement by their failure to take affirmative action to not accept the agreement."); *Boomer*, 309 F.3d at 415 n.5 (rejecting plaintiff's argument that "he did not

9

remember receiving" a customer agreement as insufficient to deny motion to compel arbitration); *O'Quinn v. Comcast Corp.*, No. 10 C 2491, 2010 WL 4932665, at *3 (N.D. Ill. Nov. 29, 2010) (holding that plaintiff's denial that he received or reviewed an agreement "is not enough to overcome the presumption" established by evidence of business practices).

Faced with this overwhelming case law, plaintiff cites a single, unpublished decision, *General Association of Regular Baptist Churches v. Scott*, 549 Fed. Appx. 531 (7th Cir. Nov. 15, 2013), as support of her assertion that she never entered into an agreement with Kohl's to arbitrate disputes. That opinion, however, is easily distinguishable from the facts at issue here. The defendant in that case moved to compel arbitration based on an unsigned copy of a standard trust agreement, containing a mandatory arbitration provision, and defendant's belief that plaintiff "would have had to sign" it to participate in the trust. *Id.* at 533-34. Unlike this case, the motion to compel arbitration was denied because of defendant's failure to present *any* evidence of an assent to arbitrate. In contrast, defendant has presented evidence, which plaintiff does not dispute, of her continued use of the Kohl's credit card. Even accepting plaintiff's contention that she did not sign, read, review or receive the 2009 Cardmember Agreement (or more accurately, does not recall doing so), plaintiff's admitted use of the credit card forms a sufficient basis to find that she assented to its terms, including the arbitration provision.

Having found assent to arbitrate, the court also finds that the other two elements are established. *See Zurich Am. Ins. Co.*, 466 F.3d at 580. The dispute falls within the broad scope of that agreement, covering all "claims, disputes, and controversies between"

10

Ineman and Kohl's, including statutory claims.  (Hoeft Decl., Ex. A (dkt. #10-1) § 21.)
Moreover, the filing of this lawsuit and plaintiff's opposition to defendant's motion to
compel demonstrates that plaintiff has refused to proceed to arbitration in accordance
with the arbitration agreement.  Accordingly, the court will grant defendant's motion to
compel arbitration.


## III.  Decision to Stay Claim or Dismiss

Having granted the motion to compel, a question remains:  whether the court
should dismiss this action as defendant urges or stay it pending arbitration.  The FAA
directs that once the court is satisfied that an issue is arbitrable, it "shall on application
of one of the parties stay the trial of the action until such arbitration has been had in
accordance with the terms of the agreement."  9 U.S.C. § 3.  Consistent with this
language, the Seventh Circuit generally holds that "the proper course of action when a
party seeks to invoke an arbitration clause is to stay the proceedings rather than to
dismiss outright."  *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561 (7th
Cir. 2008) (quoting *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 732 n.7 (7th Cir.
2005)).

There is an exception to this general rule when *all* of the claims raised in a lawsuit
are subject to arbitration. *See Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769-70 (8th
Cir. 2011) (recognizing "judicially-created exception to the general rule which indicates
district courts may, in their discretion, dismiss an action rather than stay it where it is
clear the entire controversy between the parties will be resolved by arbitration"); *Felland*

*v. Clifton*, No. 10-cv-664-slc, 2013 WL 3778967, at *12 (W.D. Wis. July 18, 2013) (recognizing "growing trend . . . favoring dismissal of a case when all of the claims are subject to arbitration; citing Seventh Circuit cases affirming such dismissals); *Bryant v. Fulgham*, No. 12 C 823, 2012 WL 1802150, at *3 (N.D. Ill. May 17, 2012) (dismissal appropriate because all claims subject to arbitration, leaving nothing for court to decide unless party seeks confirmation or challenges award).  Since all of the plaintiff's claims are subject to arbitration pursuant to the 2009 Cardmember Agreement, this court similarly finds it appropriate to dismiss this action subject to reopening upon good cause shown for purposes of confirmation of or challenges to the arbitration award.


## ORDER

IT IS ORDERED that:

1)  defendants' motions to dismiss or transfer venue or to compel arbitration (dkt. #7) is GRANTED as to the motion to compel and denied as moot in all other respect;

2)  plaintiff's motion to certify a class pursuant to Fed. R. Civ. P. 23 (dkt. #2) is DENIED AS MOOT; and

3)  the clerk of court is directed to close this case.

Entered this 26th day of March, 2015.

BY THE COURT:


/s/
_____
WILLIAM M. CONLEY
District Judge